J-S33004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES J. LUMB | : | |
| | : | |
| Appellant | : | No. 435 EDA 2020 |

Appeal from the Judgment of Sentence Entered September 13, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001617-2018

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.: **FILED AUGUST 31, 2020**

Appellant, James J. Lumb, appeals from the Judgment of Sentence entered following his open guilty plea to one count of Conspiracy and two counts of Robbery.[1] We infer from Appellant's Brief that appointed counsel, Matthew S. Hagarty, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967). However, upon review, counsel has not complied with either the procedural or the substantive requirements when seeking to withdraw. Thus, we direct counsel to file an advocate's brief or, in the alternative, an application to withdraw and a compliant **Anders** brief.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 903(a), 3701(a)(1)(ii).

In February 2018, Appellant conspired with two others to rob a bank in Gladwyne, Montgomery County. Following his arrest, Appellant entered an open guilty plea on December 18, 2018, and the court ordered a Pre-Sentence Investigation. On September 13, 2019, the court imposed an aggregate sentence of two to five years of incarceration, within the standard range of the Sentencing Guidelines. *See* Trial Ct. Op., 3/4/20, at 1-2.

Appellant timely filed a Post-Sentence Motion, asserting his sentence was excessive because the court failed to consider mitigating evidence. The trial court denied Appellant's Motion by operation of law. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The court issued a responsive Opinion.

Appellant raises the following issue on appeal:

Should counsel be permitted to withdraw if, after a full review and analysis of the record and controlling law, counsel has determined that the appeal is frivolous?

Appellant's Br. at 1.

Before we may grant counsel leave to withdraw pursuant to *Anders*, counsel must **petition** this Court for leave to withdraw "stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous[.]" *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted).

In addition, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), namely:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Finally, counsel must provide a copy of the *Anders* brief to his client. "Attending the brief must be a letter that advises the client of [her] right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.'" *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007)).

Counsel has not complied with these requirements: (1) counsel has not filed an application to withdraw in this Court; (2) counsel's Brief does not articulate the issue Appellant seeks to pursue on appeal, nor does it provide sufficient legal analysis in support of counsel's conclusion that this appeal is wholly frivolous; and (3) counsel has not supplied this Court with evidence

documenting that he has advised Appellant in writing of the rights enumerated in **Nischan**.

For these reasons, we direct counsel to file an advocate's brief or, in the alternative, an application to withdraw and a compliant **Anders** brief within thirty days.

Appellant's Brief stricken. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/31/20